## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

BRANDON LEE )
DEATHERAGE, )
                              )
       Petitioner/Defendant, )
                              )
v. )     **Case No. 16-CV-484-JHP**
                              )     **Criminal Case No. 15-CR-68-2-JHP**
UNITED STATES OF AMERICA, )
                              )
       Respondent/Plaintiff. )

## OPINION AND ORDER

Before the Court is Petitioner/Defendant Brandon Lee Deatherage's ("Defendant") motion to vacate, set aside, or correct sentence by a person in federal custody brought pursuant to 28 U.S.C. § 2255 (Dkt. 1; Dkt. 250 in Case No. 15-CR-68-2). The Government has filed a sealed Response in Opposition (Dkt. 6). Defendant seeks relief based on Amendment 794 to the United States Sentencing Guidelines ("USSG"). For the reasons cited herein, Defendant's motion pursuant to § 2255 is **DENIED**.

## BACKGROUND

On November 9, 2015, pursuant to a written plea agreement, Defendant pleaded guilty to the charge of Drug Conspiracy in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) (Count One). (Dkt. 97 in Case No. 15-CR-68-2

(Minutes of Change of Plea Hearing)). At that time, the Government agreed to dismiss Count Three against Defendant at sentencing. (*Id.*).

In advance of sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR") as to Defendant on January 28, 2016, based on the 2015 USSG Manual. The PSR did not recommend a "minor participant" reduction, which grants a two point reduction to defendants who are found to be "substantially less culpable than the average participant in the criminal activity." USSG § 3B1.2, comment n. 3(A) (2015). (*See* PSR ¶ 38 (recommending no adjustment for Defendant's role in the offense)). Neither the Government nor the Defendant objected to the PSR.

On June 9, 2016, the Court sentenced Defendant to 92 months imprisonment on Count One, and the Government dismissed the remaining count. (Dkt. 240 in Case No. 15-CR-68-2 (Judgment)). Defendant did not directly appeal his conviction or sentence. Nonetheless, Defendant filed this § 2255 motion on November 3, 2016. In the motion, Defendant argues he is entitled to a "minor role" reduction based on Amendment 794 to the USSG and the Ninth Circuit's interpretation of that Amendment in *United States v. Quintero-Levya*, 823 F.3d 519 (9th Cir. 2016). Defendant argues he deserves a reduction for his minimal participation, because he was not determined to be a leader, organizer, or manager. (Dkt. 1, at 4).

**DISCUSSION**

A federal prisoner may obtain relief under § 2255 only if his sentence (1) was imposed in violation of the Constitution or federal laws, (2) was imposed by a court without jurisdiction to do so, (3) was in excess of the maximum permitted by the law, or (4) is otherwise subject to attack. 28 U.S.C. § 2255(a). Here, Defendant does not raise any possible grounds for reexamination of his sentence under 28 U.S.C. § 2255.

Amendment 794 is not retroactive in § 2255 collateral proceedings under the sentencing guidelines, federal statutes, or Tenth Circuit precedent. *See United States v. Harrison*, 2016 WL 6310768, at *2 (N.D. Okla. Oct. 27, 2016). Amendment 794 amended the commentary to U.S.S.G. § 3B1.2, the "mitigating role" guideline. Section 1B1.10(d) of the USSG lists all amendments eligible for retroactive effect. *See* USSG § 1B1.10(a). Amendment 794 is not listed among those amendments that can subsequently lower an applicable guideline range. Because Amendment 794 is not listed, a retroactive sentence reduction is not authorized. *See United States v. Fouse*, 2016 WL 4516066, at *2 (N.D. Okla. Aug. 29, 2016).

Defendant seeks to reopen his sentencing pursuant to *United States v. Quintero-Levya*, 823 F.3d 519 (9th Cir. 2016). In *Quintero-Levya*, the Ninth Circuit held that Amendment 794 "applies retroactively in direct appeals." 823

F.3d at 521. The Ninth Circuit expressly declined to examine whether a defendant who has exhausted his or her direct appeal can move to reopen sentencing proceedings under Amendment 794. *Id.* at 521 n.1. Defendant's § 2255 motion seeks collateral review of his sentence; it is not a direct appeal. Defendant did not appeal his sentence. Even if it were applicable to Defendant's situation, *Quintero-Levya* was decided in another jurisdiction and therefore has no controlling effect on this Court. Accordingly, the ruling in *Quintero-Levya* does not apply to Defendant's request for collateral review of his sentence under § 2255.

Finally, the Court notes that Amendment 794 took effect on November 1, 2015. USSG app. C suppl., amend. 794 at 118 (2015). Defendant's final PSR was prepared on January 28, 2016, and Defendant was sentenced on June 9, 2016. The 2015 Guidelines Manual, which incorporated Amendment 794, was used to determine Defendant's sentence, including his role in the offense. (*See* PSR ¶ 33). Defendant did not object to the PSR. Therefore, Defendant already received the benefit of the amended commentary accompanying the "minor participant" guideline. Defendant's motion is denied.[1]

## EVIDENTIARY HEARING

This Court is required by § 2255 to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is

---

[1] Because it is not necessary to disposition of Defendant's motion, the Court will not address the remaining arguments presented in the Government's response brief.

entitled to no relief." 28 U.S.C. § 2255(b). *See also United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988). With this standard as a guide, the Court has thoroughly reviewed the pleadings, files, and record in this case, and from that review, the Court finds the record conclusively shows that Defendant is entitled to no relief on his claims and an evidentiary hearing is unnecessary.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicate[s] which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). After considering the record in this case, the Court concludes a certificate of appealability should not issue, as Defendant has not made a substantial showing of the denial of a constitutional right. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

**CONCLUSION**

For the foregoing reasons, Defendant Brandon Lee Deatherage's "Motion Pursuant to 28 U.S.C. § 2255 to Vacate Set Aside [sic] Sentence in Light of Retroactive Effect of the Clarifying Amendment (794)" (Dkt. 1, Dkt. 250 in Case No. 15-CR-68-2) is **DENIED**.

**IT IS SO ORDERED** this 3rd day of May, 2018.

James H. Payne
United States District Judge
Eastern District of Oklahoma