IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON LEE DEATHERAGE,<br><br>Defendant. | Case No. 15-CR-68-JFH-02 |

**OPINION AND ORDER**

Before the Court is the Motion for Early Termination of Supervised Release ("Motion") filed by Defendant Brandon Lee Deatherage. Dkt. No. 272. Though the Court commends Defendant's efforts to better himself, Defendant's Motion must be denied.

On June 9, 2016, Defendant was sentenced to 92 months' imprisonment, to be followed by a 5-year term of supervised release, for his participation in a criminal drug distribution conspiracy. Dkt. No. 236, 240. Now Defendant, proceeding pro se, has moved for early termination of his 5-year term of supervised release on the basis that supervision is no longer necessary because Defendant has made drastic, positive changes in his life since the imposition of his sentence. Dkt. No. 272. The Government opposes Defendant's Motion, arguing that 21 U.S.C. §841(b)(1)(A) mandates that Defendant serve a term of supervised release of at least 5 years. The Court is persuaded that Defendant's statute of conviction precludes the relief requested in the Motion.

A district court's power to terminate or modify a term of supervised release is set forth in 18 U.S.C. §3583(e). The statute under which Defendant was convicted specifically provides that, "[n]otwithstanding section 3583 of title 18, any sentence under this subparagraph shall… impose a term of supervised release of at least 5 years…." 21 U.S.C. § 841(b)(1)(A). In the Court's view,

the plain reading of this statute would prevent any district court from utilizing 18 U.S.C. §3583 to impose a term of supervised release that is less than five years in length, either upon original imposition of a sentence or upon later modification of the term of supervised release. This reading is supported by *United States v. Fields*, 823 F. App'x 587 (10th Cir. 2020).[1] In *Fields*, the Tenth Circuit held that the appeal before it was moot; in so deciding, the Court held that it could not shorten appellant's term of supervised release:

> For drug offenses, however, mandatory minimum terms for supervised release are established by statute, *see* 21 U.S.C. § 841(b)(1)(A), and were not changed by the First Step Act. Therefore, we cannot "give [Mr. Fields] a judicial makeup call by shortening his supervised release term." *Rhodes*, 676 F.3d at 935.

*Id*. at 823 F. App'x at 590. This reasoning applies equally to Mr. Deatherage's requested relief.

Moreover, even if this Court were not constrained by law from granting the requested relief, the Court would nevertheless deny Mr. Deatherage's Motion. By all indications, Mr. Deatherage has thus far served his term of supervised release in exemplary fashion, and, again, the Court commends Mr. Deatherage's efforts in this regard. However, Defendant has only done what is expected of him as an individual on supervised release. Indeed, it would appear that Defendant has benefitted from his period of supervision and the resources that the United States Probation Office has made available to him. In short, Defendant has presented this Court with no compelling reason to retroactively shorten Defendant's period of supervised release.

For the reasons stated herein, Defendant's Motion must be, and hereby is, denied.

---

[1] This unpublished decision is cited as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

IT IS THEREFORE ORDERED that Defendant's Motion for Early Termination of Supervised Release [Dkt. No. 272] is DENIED.

Dated this 23rd day of April 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE